```
UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        For Online Publication Only
SOUTHSIDE HOSPITAL,

                        Plaintiff,

            -against-                                            **ORDER**
                                                                 15-CV-7171 (JMA)(SIL)
1199 SEIU, UNITED HEALTHCARE
WORKERS EAST, AFL-CIO,

                        Defendants.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

      Plaintiff Southside Hospital ("Southside" or "plaintiff") brings this petition seeking to vacate the Arbitration Award and Opinion (the "Arbitration Award") issued by Arbitrator Jay Nadelbach, Esq. (the "Arbitrator") pursuant to the Federal Arbitration Act, 9 U.S.C. § 10.  (ECF Nos. 1, 1-5.)  Defendant 1199 SEIU United Healthcare Workers East (the "Union" or "defendant") interposed an Answer and asserted counterclaims seeking to confirm the Arbitration Award and recover attorneys' fees and costs.  (ECF No. 10.)  I referred the petition to Judge Locke for Report and Recommendation ("R&R") as to whether it should be granted.

      On February 13, 2018, Judge Locke issued an R&R recommending that: (1) Southside's Petition be denied; and (2) the Union's counterclaims to confirm the Arbitration Award be granted, but denied as to the counterclaims for attorneys' fees and costs with leave to refile.

      Now, before the Court are plaintiff's objections to the R&R.  In its objections, plaintiff argues that Judge Locke erred because "the Arbitrator committed egregious error by grossly exceeding his authority in ignoring [Section XIV.1 of the parties' Collective Bargaining

Agreement ("CBA")], thus going beyond the four corners of the CBA to enforce a non-existent right under the labor contract." (Objections at 3.)

In reviewing a magistrate judge's report and recommendation, the court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); <u>see</u> also <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a <u>de novo</u> review of the record, the R&R, the instant objections and opposition to those objections and agree with Judge Locke's R&R and adopt it as the opinion of the Court.

Accordingly, (1) Southside's petition is denied; and (2) the Union's counterclaims to confirm the Arbitration Award is granted, but denied as to the counterclaims for attorneys' fees and costs with leave to refile.

**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York

                 /s/ (JMA)
              JOAN M. AZRACK
              UNITED STATES DISTRICT JUDGE